**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JEFFREY W. OSSMAN,**

      **Petitioner,**

                                **CASE NO. 2:06-CV-658**

**v.**                               **JUDGE SMITH**

                                **MAGISTRATE JUDGE KING**

**JIM ERWIN, Warden,**

      **Respondent.**

**<u>OPINION AND ORDER</u>**

On May 23, 2007, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition be dismissed as unexhausted unless petitioner chooses to delete his unexhausted claim two from the petition and proceed solely on his unexhausted claim.  Doc. No. 9. Although the parties were specifically advised of their right to object to the Magistrate Judge's *Report and Recommendation*, and of the consequences of failing to do so, neither party has filed objections to the Magistrate Judge's *Report and Recommendation.*

The *Report and Recommendation* is **therefore ADOPTED** and **AFFIRMED.**

On June 12, 2007, petitioner filed a request to delete claim two and proceed on his remaining unexhausted claim.  Doc. No. 10.  Petitioner's request is **GRANTED.**

For the reasons that follow, this action is hereby **DISMISSED.**

**I.  PROCEDURAL HISTORY**

The procedural history is detailed in the Magistrate Judge's *Report and Recommendation*, Doc. No. 9, but will be repeated here.  The Ohio Fifth District Court of Appeals summarized the facts of this case as follows:

> On the afternoon of January 2, 2002, Craig Sturtz returned to his

home near Pataskala and observed a man with long black/gray hair and wearing a military-style parka, hiding next to the house. The man, which appellant [sic] later identified at trial as appellant, eventually ran to his pickup truck and sped away. During this encounter, Sturtz was able to observe his yellow toolbox in the truck, and made a note of the license number. Licking County Sheriff's deputies thereafter effectuated a warrantless entry of appellant's residence and arrested him.

On January 10, 2002, appellant was indicted by the Licking County Grand Jury on one count of burglary. Appellant thereafter unsuccessfully attempted to suppress the physical evidence obtained and any statements made as a result of a police search of his residence on the night of the burglary. Appellant then changed his plea to no contest, and was found guilty of burglary. Appellant appealed to this Court regarding the denial of his motion to suppress. We reversed the decision of the trial court. See *State v. Ossman,* Licking App.No. 02 CA 65, 2002-Ohio-6411.

Upon remand to the trial court, appellant reentered his original plea of not guilty. The matter proceeded to a jury trial on April 24, 2003. This resulted in a hung jury. A second jury trial was conducted on September 23, 2003. Appellant was thereupon found guilty of burglary, and sentenced to seven years in prison.

Appellant again appealed, asserting errors regarding speedy trial, suppression of his identification by the victim, and manifest weight/sufficiency of the evidence. On August 16, 2004, this Court affirmed his conviction and sentence. *See State v. Ossman,* Licking App.No. 03-CA-92, 2004-Ohio-4302.

Exhibit GG to *Return of Writ; see also* Exhibit Z to *Return of Writ.* Petitioner never filed an appeal to the Ohio Supreme Court.

On November 10, 2004, petitioner filed an application to reopen the appeal pursuant to Ohio Appellate Rule 26(B), asserting the following claims:

1. The appellant was denied effective assistance of counsel during direct appeal guaranteed by the Sixth and Fourteenth Amendments when appellate counsel failed to raise the claims set forth on direct appeal and said claims have merit.

2

2.  The appellant was denied the effective assistance of appellate counsel under the Federal Constitution where counsel failed to review the existing records and documents producing a valid argument.  The appellant was entitled to discharge for violation of O.R.C. Section 2945.71, and under the Sixth and Fourteenth Amendments.

3.  The appellant's conviction for burglary, R.C. §2911.12(A)(2), is not supported by sufficient evidence in violation of the Fifth, Sixth and Fourteenth Amendments.

4.  The appellant's sentence is imposed contrary to law pursuant to R.C. §2953.08, and is an excessive sentence for exercising his right to a jury trial on remand from the suppression hearing in violation of the due process clause to the Fourteenth Amendment.

5.  The appellant was denied the total of all jail time credit pursuant to R.C. §2967.191 under the due process clause and equal protection clause to the Fourteenth Amendment.

6.  The appellant has been denied the Sixth and Fourteenth Amendment guarantee to counsel where Ohio Appellate Rule 26(B) fails to contain any provision for assignment of counsel to an indigent attempting to reopen their direct appeal.

7.  The appellant's second jury trial on September 23, 2003, was barred by the Double Jeopardy Clause of the Fifth Amendment to the Federal Constitution from the factual conclusion that the trial court *sua sponte* declared a mistrial when the jury could not reach a verdict after an afternoon of deliberation where two days of jury deliberation had been scheduled and there can be no issue of a manifest necessity for the mistrial.

Exhibit BB to *Return of Writ*.  On April 28, 2005, the state appellate court granted petitioner's

motion to reopen the appeal solely as to the issues of "felony sentencing under *[State v. ]Comer*[,

99 Ohio St.3d 463 (2003)] and jail time credit."  Exhibit DD to Return of Writ.  Represented by new

counsel, petitioner raised the following issues in his reopened appeal:

3

I. THE TRIAL COURT ERRED BY IMPOSING SENTENCE
CONTRARY TO STATUTE.

II. THE TRIAL COURT ERRED IN ITS CALCULATION OF
JAIL TIME CREDIT.

Exhibit EE to *Return of Writ*. On February 17, 2006, the appellate court affirmed the judgment

of the trial court. Exhibit GG to *Return of Writ*. Petitioner filed a timely appeal to the Ohio

Supreme Court, raising the following propositions of law:

1. Pursuant to R.C. §2929.14(E)(4), and R.C. §2929.19(B)(2), a
trial court must find all the statutory criteria to impose consecutive
sentences.

2. A reviewing court is bound to address the assignment of error
as it is presented, it cannot delete any portion of an assignment of
error it address's on the merits.

Exhibit JJ to *Return of Writ*. On June 21, 2006, the Ohio Supreme Court denied leave to appeal

and dismissed the appeal as not involving any substantial constitutional question. Exhibit KK to

Return of Writ.

On August 1, 2006, petitioner filed the instant *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. §2254. The sole remaining claim for this Court's review is as follows:

The sentence did not comply with the statutes as written, violating
due process and equal protection amendments.

The state appellate court rejected this claim as follows:

[A]ppellant contends the trial court failed to properly state its basis
for imposing consecutive sentences. We disagree.

R.C. 2929.14(E)(4) provides:

4

"If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

"(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

"(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

In *State v. Comer,* 99 Ohio St.3d 463, 793 N.E.2d 473, 2003-Ohio-4165, paragraph one of the syllabus, the Ohio Supreme Court held: "Pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing."

In the case *sub judice,* the trial court made the following oral findings under R.C. 2929.14(E)(4):

"It would appear to me then the sentence in this case to protect the public and punish you-and the 2-year sentence certainly isn't fair on your, wherever you are on your history here-I'll impose a 7-year sentence in the state penitentiary, Mr. Ossman, and find not disproportionate to the conduct and to the danger you pose to us, and your criminal history shows that consecutive sentences are needed. I'll order that consecutive to any sentence you are currently serving." Tr. at 219.

5

The court also recognized " * * * Mr. Ossman's history of criminal convictions, delinquency adjudications, criminal history as outlined by the Prosecutor, which contains criminal histories from six separate states, New York, Florida, California, Texas, Ohio and Washington dating back from 1974, through the '70s, '80s and '90s arrests. Some I can't tell what they are convictions for. But, clearly this is your career here. Your way of making a living. Obviously, based upon your history of arrests over the last 25 years, it doesn't appear you responded favorably to sanctions previously imposed." Tr. at 218-219.[FN1]

FN1. While these reasons were technically stated in connection with the recidivism considerations of R.C. 2929.12(B), we find they were also appropriately rendered under R.C. 2929.14(E)(4). Cf. *State v. Marquis,* Stark App.No.2004CA00119, 2005-Ohio-1063, ¶ 24.

Upon review, we find the trial court set forth sufficient findings and reasons to support appellant's consecutive sentence pursuant to *Comer.* Appellant's First Assignment of Error is therefore overruled.

Exhibit GG to *Return of Writ*.

The decision of the state appellate court is presumed to be correct:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing

6

evidence.

28 U.S.C. §2254(d), (e).

> A state court's determination is contrary to federal law when the state
> court arrives at a conclusion opposite to that reached by the Supreme
> Court on a question of law or on indistinguishable facts. *Williams v.
> Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d 389
> (2000). A state court's decision is an unreasonable application of
> federal law when the state court correctly identified the applicable
> legal principle from Supreme Court precedent, but applied that
> principle to the facts before it in an unreasonable manner. *Id.* at 413,
> 120 S.Ct. 1495.

*Maldonado v. Wilson*, 416 F.3d 470, 475 (6th Cir. 2005).

Petitioner has not established that the state court judgment in this case should be disregarded.

Petitioner contends that the state trial court failed to comply with state law in imposing his sentence,

thereby depriving him of due process and equal protection.  However, an allegation that the state

court failed to comply with state sentencing statutes fails to present an issue appropriate for federal

habeas corpus review.  A federal court may review a state prisoner's habeas petition only on the

grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the

United States.  28 U.S.C. §2254(a).  A federal court may not issue a writ of habeas corpus "on the

basis of a perceived error of state law."  *Pulley v. Harris*, 465 U.S. 37, 41 (1984): *Smith v. Sowders*,

848 F.2d 735, 738 (6th Cir. 1988).  A federal habeas court does not function as an additional state

appellate court reviewing state courts' decisions on state law or procedure.  *Allen v. Morris*, 845

F.2d 610, 614 (6th Cir. 1988).  "'[F]ederal courts must defer to a state court's interpretation of its

own rules of evidence and procedure'" in considering a habeas petition.  *Id.* (quoting *Machin v.

Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)).  Only where the error resulted in the denial of

7

fundamental fairness will habeas relief be granted.  *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988).  Such are not the circumstances here.

> [A] claim that the trial court violated state law when sentencing a prisoner is not cognizable in a habeas corpus proceeding.  *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir. 1988) (*per curiam*). There is no violation of a constitutional right because the United States Constitution contains no strict proportionality guarantee. *Harmelin v. Michigan,* 501 U.S. 957, 965 (1991); *United States v. Hopper,* 941 F.2d 419, 422 (6th Cir. 1991). Furthermore, the mere disparity of a sentence even among co-defendants does not in and of itself suggest that one defendant has been arbitrarily singled out for a more severe punishment than that normally imposed upon similarly situated defendants. *Guerrero-Guerrero v. Clark,* 687 F. Supp. 1022, 1028 (E.D. Va. 1988) (citing *United States v. Truelove,* 482 F.2d 1361 (4th Cir. 1973) (*per curiam*)).

*Terry v. Triplett*, 62 F.3d 1418, unpublished, 1995 WL 469424 (6th Cir. August 7, 1995).

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  Petitioner's request to amend the petition to delete claim two and proceed on his remaining, exhausted claim, Doc. No. 10, is **GRANTED.**   However, that remaining claim is without merit.   This action is hereby **DISMISSED.**

The Clerk shall enter **FINAL JUDGMENT** in this action.

    s/ George C. Smith    
GEORGE C. SMITH
United States District Judge
